# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-01106-CBS

Theresa Prouty,

       Plaintiff,

v.

Ocwen Loan Servicing, LLC,

       Defendant.

_____

**FIRST AMENDED COMPLAINT**
_____

## INTRODUCTION

1. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

2. Toward this end, Congress found that:

   > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
   >
   > *Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

3. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." *Id*. at §§ 12-13. *See also*, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. Plaintiff Theresa Prouty, by Plaintiff's attorneys, brings this action to challenge the conduct of Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), with regard to attempts by Defendant to unconscionably and abusively collect a debt allegedly owed by Plaintiff. Further, Plaintiff brings

this action for damages and any other available legal or equitable remedies resulting from the actions of Defendant in ~~their~~its negligent and/or willful violations of the TCPA.

5. The statute of limitations is tolled due to the commencement of a class action based on the same or similar allegations in the matter of *Keith Snyder, on behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC*, Case No. 1:14-cv-8461, filed against Defendant on October 27, 2014 in the Northern District of Illinois. *See American Pipe & Construction Co v. State of Utah*, 414 U.S. 538.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

10. This Court has federal question jurisdiction because this action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

11. Because Defendant conducts business within the State of Colorado, personal jurisdiction is established.

12. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this judicial district.

## PARTIES

13. Plaintiff, at all times mentioned herein, was a resident of the City of Arvada, County of Jefferson, State of Colorado, where Plaintiff owned property for which Defendant serviced the mortgage. Plaintiff currently resides in Citronella, Alabama.

14. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 47 U.S.C. § 153 (39).

15. Defendant has its principal place of business in the City of West Palm Beach, in the State of Florida.

16. Defendant is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

17. Between approximately March 30, 2011 through November 3, 2015 Defendant called Plaintiff on Plaintiff's cellular telephone numbers ending in 0006 and 0442 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

18. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or a beep-tone, before an Ocwen representative would pick up and start speaking.

20. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

21. In total, Plaintiff has received at least 2,445 calls from Defendant on Plaintiff's cellular telephones.

22. For example, Plaintiff received at least one call every day, often more than one call each day, for nearly 30 days straight in the fall of 2015.

23. Defendant did not have consent for any of these calls, as Plaintiff did not provide either cellular telephone number to Defendant or their predecessors on any loan application.

24. In the course of receiving these calls, Plaintiff revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by phone.

25. Despite this request, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

26. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

27. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

28. These calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control, and for Defendant's benefit.

29. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

30. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

31. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.

32. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

33. The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant's unwanted and intrusive calls. In doing so, Plaintiff missed important communications from friends and family.

## CAUSES OF ACTION
### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Each call after Plaintiff requested Defendant stop calling Plaintiff's cell phones constitutes a knowing and/or willful violation of the TCPA.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT III
### NEGLIGENCE

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
44. Defendant had a duty of care to Plaintiff to exercise reasonable skill and care in carrying out account activities. Specifically, Defendant had a duty to act reasonably when collecting an alleged debt from Plaintiff, including the means and methods for contacting Plaintiff.
45. Defendant breached that duty by calling Plaintiff on Plaintiff's cellular telephone thousands of times to harass and/or abuse Plaintiff and infringe on Plaintiff's privacy rights, as discussed above, and continued to call despite Plaintiff's request that the calls stop.
46. Plaintiff was harmed and suffered injury as described above.
47. The negligence of Defendant was a substantial and proximate factor in causing Plaintiff this harm and injury described above.
48. As such, Plaintiff is entitled to recover special, compensatory, and general damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- A permanent injunction, restraining and enjoining Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227;
- Actual, special, general, and compensatory-damages;
- Reasonable attorneys' fees and costs of suit; and
- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 3, 2017

          Respectfully submitted,

          By: /s/ Sarah T. McEahern
          Sarah T. McEahern, Esq.
          Joshua B. Swigart, Esq.
          HYDE & SWIGART
          1525 Josephine St.
          Denver, CO 80206
          Telephone: (303) 731-5493
          FAX: (800) 635-6425
          Email: sm@westcoastlitigation.com
                 josh@westcoastlitigation.com

Abbas Kazerounian
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
FAX: (800) 520-5523
Email: ak@kazlg.com

*Attorneys for Theresa Prouty*