IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1104-WJM-KHR
*Consolidated with:*
    *Civil Action No. 17-cv-1105-WJM-KHR*
    *Civil Action No. 17-cv-1106-WJM-KHR*

LATICIA LEWIS, and
JENNIFER R. LOQUASTO,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

## ORDER GRANTING MOTIONS TO DISMISS

Plaintiffs Laticia Lewis and Jennifer R. Loquasto (together, "Plaintiffs") filed materially identical actions, now consolidated under the above caption, alleging that Defendant Ocwen Loan Servicing, LLC ("Defendant"), in its role as a debt collector, "unconscionably and abusively" harassed them to collect a debt. (ECF No. 25 ¶ 4; ECF No. 44 ¶ 4.) Lewis claims, for example, that she received nearly 1,700 calls in just over four years, including approximately 90 calls within a particular 33-day period and "dozens of calls after 9 pm." (ECF No. 25 ¶¶ 17, 21–22, 27.) Loquasto similarly claims she received "at least 1,032 calls" in about three-and-a-half years, including 100 calls in a particular 40-day span, and that most of these calls came after she discharged the relevant debt in bankruptcy. (ECF No. 44 ¶¶ 17, 21–27, 34.)

Plaintiffs contend that Defendant's actions violated the Telephone Consumer

Protection Act, 47 U.S.C. § 227, and that Defendant committed the common-law tort of negligence. (ECF Nos. 25, 44.) Before the Court are Defendant's two materially identical motions to dismiss the negligence causes of action (one motion directed at Lewis's complaint, the other directed at Loquasto's complaint) under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 34, 48.)

The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Having assumed that truth, the dispositive inquiry then usually becomes "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This analysis assumes that the plaintiff's legal theory is recognized in law and that the only salient question is whether the asserted facts state a claim under that theory. However, some Rule 12(b)(6) motions raise the argument that "a legal theory [is] not cognizable as a matter of law." *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004), *aff'd sub nom. Golan v. Gonzales*, 501 F.3d 1179 (10th Cir. 2007). That standard applies here.

Defendant's primary argument is that Plaintiffs cannot plead a negligence claim because they cannot establish a duty of care to, as Plaintiffs phrase it, "act reasonably when collecting an alleged debt . . . including the means and methods for contacting [debtors]." (ECF No. 25 ¶ 46.) Defendant has cited cases from the Colorado Court of Appeals, from this District, and from other jurisdictions. (ECF No. 34 at 4–7.) Plaintiffs have cited supposedly contrary federal district court cases not from this District. (ECF

2

No. 42 at 3–4.) In other words, no party has cited anything controlling.[1] Nor is any of the cited authority particularly helpful, as it largely deals with situations distinct from telephone harassment by debt collectors, or tort theories Plaintiffs have not pleaded (such as invasion of privacy).

The question is what the Colorado Supreme Court would do if asked to decide whether a party can pursue a negligence claim based on "a duty to act reasonably when collecting an alleged debt . . . including the means and methods for contacting [debtors]." (ECF No. 25 ¶ 46.) *See, e.g., Vanover v. Cook*, 260 F.3d 1182, 1186 (10th Cir. 2001) ("In the absence of definitive direction from the highest court of the state . . . we must predict the course that body would take if confronted with the issue." (internal quotation marks omitted)). The Colorado Supreme Court has explained negligence and the duty of care as follows:

> The elements of a negligence claim consist of the existence of a legal duty by the defendant to the plaintiff, breach of that duty by the defendant, injury to the plaintiff, and a sufficient causal relationship between the defendant's breach and the plaintiff's injuries. A negligence claim will fail if it is predicated on circumstances for which the law imposes no duty of care upon the defendant. . . . The initial question in any negligence action, therefore, is whether the defendant owed a legal duty to protect the plaintiff against injury. The issue of legal duty is a question of law to be determined by the court.
>
> A duty of reasonable care arises when there is a foreseeable risk of injury to others from a defendant's failure to take protective action to prevent the injury. While foreseeability is

---

[1] Regarding Colorado law, this Court is bound only by holdings of the Colorado Supreme Court. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240–41 (10th Cir. 2003). As for decisions from this District, "[a]lthough the judges of this District strive to respect each other's decisions, we do not bind each other." *Hernandez v. Ray Domenico Farms, Inc.*, 250 F. Supp. 3d 789, 801 (D. Colo. 2017).

3

> a prime factor in the duty calculus, a court also must weigh other factors, including the social utility of the defendant's conduct, the magnitude of the burden of guarding against the harm caused to the plaintiff, the practical consequences of placing such a burden on the defendant, and any additional elements disclosed by the particular circumstances of the case.

*Connes v. Molalla Transp. Sys., Inc.*, 831 P.2d 1316, 1320 (Colo. 1992) (citations omitted).

Plaintiffs have not attempted to explain why they believe the Colorado Supreme Court would apply this analysis and conclude that debt collectors have a duty of care, enforceable through a negligence claim, encompassing the choice to engage in numerous harassing phone calls. To be sure, there may be other tort theories that encompass this alleged course of conduct, but Plaintiffs have given the Court no basis to think that the Colorado Supreme Court would approve a *negligence* cause of action based on Plaintiffs' allegations.[2]

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motions to Dismiss (ECF No. 34 & ECF No. 48) are GRANTED; and
2. Plaintiffs' negligence claims are DISMISSED WITH PREJUDICE.

Dated this 8th day of March, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[2] Given this disposition, the Court need not reach Defendant's alternative argument regarding the statute of limitations.